DAUKSCH, Judge.
This is an appeal from a judgment in a public records act case wherein appellant newspaper seeks police records of an investigation of a public official.
When the chief of police was not willing to reveal the police reports, appellant filed an action in the circuit court seeking mandamus to require the production of the reports and allied declaratory relief. Appellee responded by alleging the records were exempt under sections 119.07(3)(e) and 119.07(3)(g), Florida Statutes (1993). It was appellee’s position that the report contained information which may lead to the identity of a confidential informant or identify an undercover person. Appellant’s reply was that those identities could be removed from the provided records; to which appellee responded that it was impossible to redact objectional matters and leave anything to give to the newspaper. In other words, if the protected information was removed then the record would be blank.
Upon request, the court conducted an essentially ex parte hearing and an in camera examination of the record in question, the police report.
First, we are moved to say that we cannot condone the procedure of permitting one side of a litigated issue to be in attendance, present evidence and make argument at a closed hearing where the other side is excluded. However, because that is not the decisive issue we shall leave it at that.
More important is the substance of the order itself and the determination that the unrevealed record cannot be made available without the revealing of the identity of the informer and the undercover personnel. Upon a review of the report itself, we must disagree with the order of the trial judge and direct that a copy of the report be made available to appellant. Without much difficulty the name of the informant, the sex of the informant (which might assist in determining the identity) and the name or initials and identification numbers of the undercover officer and that officer’s supervisor can be taken out of the report and the remainder turned over to appellant.
The essence of the report is that a person was seen doing something and was driving a particular ear. Also, another car was possibly involved in the same activity. The report has the names of, or initials or identification numbers of police personnel. The redaction of the informant’s and police identities renders the rest of the report revealable to the public, through the press.
The order denying access to the report is reversed and this cause remanded for entry of an order in compliance herewith.
REVERSED.
COBB and THOMPSON, JJ., concur.