WARNER, Judge.
Petitioner brings this writ of certiorari from an order of the circuit court for Palm Beach County contending that the trial court departed from the essential requirements of law by determining that an assistant state attorney is not a “law enforcement officer as defined under F.S. 111.065(1)” and thus any information that the assistant state attorney obtained from petitioner insurance company during the arson prosecution was not privileged or confidential under section 633.175, Florida Statutes (1993). We grant the petition.
Section 633.175 requires that an insurance company under an insurance policy with respect to fire loss release available information to a law enforcement officer, as defined under section 111.065(1), Florida Statutes (1993). Section 111.065(1) defines a law enforcement officer as:
[A]ny person employed full time .by any municipality or the state or any political subdivision thereof or any deputy sheriff whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state,
§ 111.065(1), Fla.Stat. (1993). When the language of a statute is clear and unambiguous, it must be given its plain and obvious meaning. West Palm Beach Golf Comm’n v. Callaway, 604 So.2d 880 (Fla. 4th DCA 1992), rev. denied, 618 So.2d 212 (Fla.1993); Holly v. Auld, 450 So.2d 217 (Fla.1984). Here, the statute includes in its definition of law enforcement officer any person employed full time by the state “whose primary responsibility is the ... enforcement of the penal ... laws of this state.” § 111.065(1). Certainly that is the function of an assistant state attorney. The supreme court has classified prosecutors as law enforcement officers in Trianon Park Condominium Ass’n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985):
This discretionary power to enforce compliance with the law, as well as the authority to protect the public safety, is most notably reflected in the discretionary power given to judges, prosecutors, arresting officers, and other law enforcement officials, as well as the discretionary authority given fire protection agencies to suppress fires.
Id. at 919 (emphasis supplied). See also State, Office of State Attorney for Thirteenth Judicial Circuit v. Powell, 586 So.2d 1180, 1183 (Fla. 2d DCA 1991), rev. denied, 598 So.2d 77 (FIa.1992) (relying on Trianon and stating that “[pjrosecutors like judges and arresting officers, are law enforcement officials”). We therefore hold that the trial court departed from the essential requirements of law in determining that the assistant state attorney did not fall within the *911 definition of “law enforcement officer” applicable to section 633.175.
Petitioners also contend that any information obtained by the assistant state attorney from the insurance company was confidential under section 633.175. Subsection (4) of that statute provides:
At such time as the release of the investigative records is required pursuant to s. 633.111, the department shall provide due notice to the insurance company providing the information and to all parties. Official, departmental, or agency personnel may discuss such matters with other official, departmental, or agency personnel, and any insurance company complying with this section, and may share such information, if such discussion is necessary to enable the orderly and efficient conduct of the investigation. These discussions are confidential and exempt from the provisions of s. 286.011. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.
§ 633.175(4), Fla.Stat. (1993). Because this privilege is part of a subsection dealing with the release of information collected in connection with the State Fire Marshal’s investigative report of a fire, we conclude that the type of discussions enumerated must have been part of the State Fire Marshal’s investigation. Moreover, they must be discussions “necessary to enable the orderly and efficient conduct of the investigation.” Id. Finally, because the statute sets up an exemption from the public meetings law as well as the public records act, we must construe it strictly. See Art. I, § 24(c), Fla. Const. Therefore, we reject petitioner’s argument that any of the information the assistant state attorney may have is confidential. Whether a privilege attaches depends upon whether the information meets the statutory criteria. The trial court may revisit this issue upon proper motion.
We grant the writ, quash the order and remand for further proceedings.
STONE and KLEIN, JJ., concur.