698 So.2d 1365 (1997)
Carl R. CHRISTY, Appellant,
v.
PALM BEACH COUNTY SHERIFF'S OFFICE, Appellee.
No. 96-3137.
District Court of Appeal of Florida, Fourth District.
September 17, 1997.
*1366 Carl R. Christy, Miami, pro se.
Amy Singer Borman, West Palm Beach, for appellee.
WARNER, Judge.
Pursuant to the public records law, the appellant sought the production of files of the Palm Beach County Sheriff's Office (PBCSO). PBCSO objected, claiming that the information was statutorily exempt from public records disclosure because the documents contained active criminal intelligence information involving illegal drug activities and specified the identity of confidential informants and undercover personnel. The trial court denied disclosure of the documents. We reverse, finding that the PBCSO did not meet its burden of establishing that the records were exempt under these criteria.
Appellant filed a petition to order the release of documents contained in the PBCSO's file number 84-586, relating to a criminal investigation leading to his arrest on drug charges in 1984. He also sought file 543 of the Tactical Unit. In his petition, he claimed that documents from these files contained information revealing the identity of a confidential informant used during his arrest in a reverse-sting. Appellant was convicted of the offense and served a sentence. From the petition, it appears that the federal government used his 1984 conviction to obtain an indictment against him in a federal conspiracy case in 1989. Appellant claimed that he wanted to explore a connection between the confidential informant in the 1984 conviction and a PBCSO deputy who testified against him in the federal case. Through the use of a private investigator, appellant believes that he knows the name of the confidential informant. Thus, he claims the informant's identity is no longer a secret.
The PBCSO responded by noting that the Tactical Unit file 543 did not exist. PBCSO refused to release the records in file 84-586, on the dual grounds that the file contained active criminal intelligence and that it specified the identity of confidential informants and PBCSO undercover personnel. Thus, the documents were statutorily exempt from examination. The trial court adopted PBCSO's response and denied appellant's petition.
The general purpose of the Public Records Act (Chapter 119, Florida Statutes (1995)), is to open public records to allow Florida's citizens to discover the actions of their government. City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994), rev. denied, 651 So.2d 1192 (Fla.1995). Section 119.01(1), Florida Statutes (1995), expressly provides that "[i]t is the policy of this state that all state, county, and municipal records shall be open for personal inspection by any person." Given this policy, "the [Public Records] Act is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose." Riviera Beach, 642 So.2d at 1136 (citation omitted).
In spite of this public policy, the Legislature has expressed a significant concern regarding the importance of preserving the confidentiality of police records compiled during an active criminal investigation. Id. Thus, it has created exemptions from disclosure under the act for "active criminal intelligence information" and "active criminal investigative information" in Section 119.07(3)(b), Florida Statutes (1995), as defined in Section 119.011, Florida Statutes (1995):
(3)(a) "Criminal intelligence information" means information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity.
(b) "Criminal investigative information" means information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived *1367 from laboratory tests, reports of investigators or informants, or any type of surveillance.
....
(d) The word "active" shall have the following meaning:
1. Criminal intelligence information shall be considered "active" as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities.
2. Criminal investigative information shall be considered "active" as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.
In addition, criminal intelligence and criminal investigative information shall be considered "active" while such information is directly related to pending prosecutions or appeals.
§ 119.011(3)(a)-(b), (d). The Legislature provided further exemptions for any information revealing the identity of a confidential informant, a confidential source, or undercover personnel. § 119.07(3)(c), (e). The governmental agency claiming the benefit of these exemptions has the burden of proving its entitlement to them. Barfield v. City of Ft. Lauderdale Police Dep't, 639 So.2d 1012, 1015 (Fla. 4th DCA), rev. denied, 649 So.2d 869 (Fla.1994); Florida Freedom Newspapers, Inc. v. Dempsey, 478 So.2d 1128, 1130 (Fla. 1st DCA 1985). When an exemption from disclosure is alleged to exist under § 119.07(3)(c) or (e), the public record must be submitted to the court for an in-camera inspection. See § 119.07(2)(b).
The records at issue in the present case were generated in connection with a criminal investigation conducted thirteen years ago. Although the PBCSO claims that this information assists law enforcement in the anticipation, prevention, and monitoring of the drug trade and, if released, would provide criminals with access to drug intelligence that could hinder future crime detection, it did not meet its burden of proving the same. There is nothing in the record to suggest that the information contained in the file is "active" within the meaning of section 119.011(3)(d)1, which requires that the information be of the type that will lead to the "detection of ongoing or reasonably anticipated criminal activities." (Emphasis added). We noted in Riviera Beach that the purpose of this exemption is to prevent premature public disclosure of information which could impede ongoing investigations or allow a suspect to avoid apprehension or escape detection. 642 So.2d at 1137. Considering that exemptions must be construed narrowly, this exemption is not intended to prevent disclosure of criminal files forever on the mere possibility that other potential criminal defendants may learn something from the files. If that were the case, there would likely be no criminal intelligence files or investigative files would ever be subject to disclosure. The Legislature obviously did not intend that interpretation, because it permitted the disclosure of files which were no longer "active." There is nothing in the PBCSO's materials attached to the response filed in the trial court which demonstrates a reasonable good faith belief that the information would lead to the detection of ongoing or reasonably anticipated criminal activities.
In addition, the PBCSO did not establish that the criminal intelligence information was directly related to a pending prosecution or appeal, as required by section 119.011(3)(d). In State v. Kokal, 562 So.2d 324, 325-26 (Fla.1990), the supreme court rejected the state's position that certain files pertaining to the prosecution of the defendant seeking post-conviction relief were exempt from public disclosure under the active criminal investigative information exemption. It held that the term "pending prosecutions or appeals" in section 119.011(3)(d) applied only to ongoing prosecutions or appeals from convictions and sentences which have not become final. Id. at 326; see also Provenzano v. Dugger, 561 So.2d 541, 546 (Fla.1990). As it is undisputed that appellant's criminal conviction and sentence for the 1984 arrest were final, section 119.011(3)(d) did not provide an exemption.
*1368 The statute, however, provides exemptions for "any information revealing the identity of a confidential informant or a confidential source" and "any information revealing undercover personnel of any criminal justice agency." § 119.07(3)(c), (e). Although appellant claims that he already knows the name of the confidential informant used in his case, we conclude that that is immaterial. In Salcines v. Tampa Television, 454 So.2d 639, 641 (Fla. 2d DCA 1984), the appellate court held that the confidential informant exemption also applies to informants who are no longer active or may have been identified as informants from other sources. We agree with this interpretation. Thus, despite the appellant's asserted personal knowledge of the identity of the confidential informant and PBCSO's undercover personnel involved in his arrest, that knowledge does not destroy the exemption from disclosure in the statute.
To the extent that the records requested include the names of confidential informants or undercover personnel, they are exempt under the statute. Nevertheless, appellant may still be entitled to a redacted version of the report. In Ocala Star Banner Corporation v. McGhee, 643 So.2d 1196, 1197 (Fla. 5th DCA 1994), the court held that a newspaper was entitled to access police investigative reports of a public official, even though the records contained information which could have led to the identity of a confidential informant or undercover officer. If, after reviewing the report in an in-camera inspection, the trial court can conclude that upon redaction of the informant's and undercover personnel's identity the remainder of the report is subject to public inspection, then the appellant is entitled to the redacted report. Id.; see also § 119.07(2)(a) (requiring public record custodian to delete only that portion of record for which exemption is asserted and provide remainder of record for examination). Although the redaction of the identities of the confidential informant and PBCSO's undercover personnel may frustrate appellant's purpose in requesting the records, this is all that appellant is entitled to under the Public Records Act.
It appears that the trial court did not conduct an in-camera inspection of these records. We therefore reverse and remand to the trial court to conduct an in-camera inspection of the records to determine what portions of the record must be redacted in accordance with this opinion. After the inspection and determination that the record, with redactions, is subject to disclosure, the court should order the PBCSO to provide a redacted copy to appellant.
FARMER and PARIENTE, JJ., concur.