Mr. Nicholas F. Tsamoutales Palm Bay City Attorney 1900 Palm Bay Road, Northeast Suite G Palm Bay, Florida 32905-7538
Dear Mr. Tsamoutales:
You ask substantially the following questions:
1. Are the names and addresses of applicants for security system permits public records open to inspection and copying?
2. Are the names and addresses of persons or businesses cited or warned for violations of a city alarm ordinance public records open to inspection and copying?
3. Are addresses of police dispatches resulting in a determination of a false alarm or verified alarm public records open to inspection and copying?
Due to their interrelated nature, your questions will be answered together.
Section 281.301, Florida Statutes, provides:
"Information relating to the security systems for any property owned by or leased to the state or any of its political subdivisions, andinformation relating to the security systems for any privately owned orleased property which is in the possession of any agency as defined ins. 119.011(2), including all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to or revealing suchsystems or information, and all meetings relating directly to or that would reveal such systems or information are confidential and exempt fromss. 119.07(1) and 286.011 and other laws and rules requiring public accessor disclosure." (e.s.)
The legislative history for section 281.301, Florida Statutes, notes that the original exemption was expanded in 1990 so that it would "include information relating to the security systems for any privately owned or leased property, when such information is in the possession of any agency as defined in s. 119.011(2), F.S."[1] Section 281.301, Florida Statutes, has been interpreted by this office to include the security information that a private entity provides to a governmental entity such as a law enforcement agency.[2] For example, this office has noted that records (such as blueprints) from private entities on file with a law enforcement agency for crime prevention purposes are exempt from disclosure due to this statute. Similarly, a security needs assessment on file with an agency was determined to be exempt.[3] The exemption contained in section 281.301, Florida Statutes, was clarified and recreated in section 119.071, Florida Statutes, during the 2001 legislative session.[4] Section 119.071, Florida Statutes, as subsequently amended,[5] states:
"A security system plan or portion thereof for:
(1) Any property owned by or leased to the state or any of its political subdivisions; or (2) Any privately owned or leased property
which plan or portion thereof is held by any agency, as defined in s.119.011, is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. 1 of the State Constitution. As used in this section, the term a `security system plan' includes all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendation, or consultations or portions thereof relating directly to the physical security of the facility or revealing security systems; threat assessments conducted by any agency as defined in s. 119.011 or any private entity; threat response plans; emergency evacuation plans; sheltering arrangements; or manuals for security personnel, emergency equipment, or security training. . . . "(e.s.)
In its specific finding of a public necessity for the exemption, the Legislature emphasized that security plans, both public and private, are a vital part of public safety, including the safety of services, such as telecommunications, on which the public relies. The statement further discussed the need to protect public and private infrastructure from terrorist attack.[6] It would appear that the Legislature expanded the definition of "security system plan" to include threat assessments, threat response plans, emergency evacuation plans, sheltering arrangements, or manuals.
The general purpose of Chapter 119, Florida Statutes, is "to open public records to allow Florida's citizens to discover the actions of their government."[7] Provisions of the act are to be liberally construed in favor of open government, while exemptions from disclosure are narrowly construed so they are limited to their stated purpose.[8] Any doubt as to the applicability of an exemption should be resolved in favor of disclosure.[9]
In this instance, the plain language of sections 281.301 and 119.071, Florida Statutes, makes confidential all records revealing a security system. While in the wake of the terrorist attacks of September 11, 2001, the Legislature expanded the definition of "security system plan" and expressed the need to protect such plans for the public's safety, the underlying protection of "all" information that would "reveal" the existence of a security system was maintained.
One of the most fundamental rules of statutory construction is that a court must give a statutory term its plain and ordinary meaning.[10]
The term "all" means "every; any whatever"[11] and would appear to provide no limitation on the type or form of information that may fall within the statute's coverage, if such information "reveals" a security system. To "reveal" is "to make something publicly known; divulge."[12]
The information sought is the name and address of individuals having security systems in their homes or businesses as evidenced by permits obtained for the installation of such systems, citations for violations of alarm ordinances, or dispatches of law enforcement for verified or false alarms. The disclosure of the names and addresses contained in the specified records would necessarily reveal the existence of security systems.
It is my opinion, therefore, that sections 281.301 and 119.071, Florida Statutes, preclude public disclosure of the name and address of applicants for security system permits, of persons cited for violations of alarm ordinances, or of individuals who are the subject of reports of dispatches of law enforcement for verified or false alarms.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] See House of Rep. Committee on Governmental Operations, HB 2513 (July 15, 1990) Final Staff Analysis Economic Impact Statement.
[2] See generally, Op. Att'y Gen. Fla. 93-86 (1993), stating that the exemption "extends to information relating to the security systems not only for property owned or leased to the state or its political subdivisions, but also for privately owned or leased property which is in the possession of an agency."
[3] See Op. Att'y Gen. Fla. 01-75 (2001).
[4] Section 1, Ch. 2001-361, Laws of Fla. (2001).
[5] Section 1, Ch. 2003-16, Laws of Fla. (2003).
[6] See s. 3, Ch. 2001-361, Laws of Fla. (2001).
[7] Christy v. Palm Beach County Sheriff's Office, 698 So.2d 1365, 1366
(Fla. 4th DCA 1997).
[8] Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996);Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987), rev.denied, 520 So.2d 586 (Fla. 1988).
[9] Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), rev. den. sub nom., Gillum v. Tribune Company, 503 So.2d 327
(Fla. 1987).
[10] See, e.g., Rollins v. Pizzarelli, 761 So.2d 294, 298 (Fla. 2000) and Green v. State, 604 So.2d 471, 473 (Fla. 1992).
[11] Webster's Third New International Dictionary (unabridged) at p. 54.
[12] Id. at p. 1942.