Mr. Gary J. Holland General Counsel Agency for Workforce Innovation 107 East Madison Street, MSC 110 Tallahassee, Florida 32399-4128 Ms. Geri Atkinson-Hazelton General Counsel Unemployment Appeals Commission 300 Webster Building 2671 Executive Center Circle, West Tallahassee, Florida 32399-0681
Dear Mr. Holland and Ms. Atkinson-Hazelton:
You ask substantially the following question:
To what extent do sections 443.171 and 443.1715, Florida Statutes, exempt from Florida's Public Records Law personal identifying information of unemployment compensation claimants, employers and employees within the possession of the Agency for Workforce Innovation, the Unemployment Appeals Commission and the Agency for Workforce Innovation's tax collection service provider?
You have informed this office that the Agency for Workforce Innovation (agency) keeps identifying information confidential until a hearing is held before an appeals referee. Only at the hearing before the referee is the identifying information of the employing unit and the employee, except social security numbers, made public.[1] The agency now believes it should maintain the confidentiality of identifying information at all times no matter the document in which it is contained, in light of federal confidentiality provisions and the language in sections 443.171
and 443.1715, Florida Statutes.
Section 443.171(5), Florida Statutes, requires each employing unit to keep accurate work records containing information required by the agency or its tax collection service provider (provider). The employing unit must have these records open for inspection and copying by the agency or its provider at any reasonable time and as often as necessary. Section 443.171(5), Florida Statutes, specifically provides that "[i]nformation revealing the employing unit's or individual's identity obtained from the employing unit or from any individual through the administration of this chapter, is, except to the extent necessary for the proper presentation of a claim or upon written authorization of the claimant who has a workers' compensation claim pending, confidential and exempt from s. 119.07(1)."
Section 443.1715, Florida Statutes, addresses the disclosure of information by the agency as follows:
"(1) RECORDS AND REPORTS. — Information revealing an employing unit's or individual's identity obtained from the employing unit or any individual under the administration of this chapter, and any determination revealingthat information, except to the extent necessary for the proper presentation of a claim or upon written authorization of the claimant who has a workers' compensation claim pending or is receiving compensation benefits, is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. This confidential information may be released only to public employees in the performance of their public duties. Except as otherwise provided by law, public employees receiving this confidential information must maintain the confidentiality of the information. . . .(e.s.)
(2) DISCLOSURE OF INFORMATION. —
(a) . . . Information obtained in connection with the administration of the one-stop delivery system may be made available to persons or agencies for purposes appropriate to the operation of a public employment service or a job-preparatory or career education or training program. . . . Except as otherwise provided by law, the receiving agency must retain the confidentiality of this information as provided in this section. . . ."
Sections 443.171(5) and 443.1715(1), Florida Statutes, both address the confidentiality of information identifying an employing unit or employee obtained from an employing unit or any individual under the administration of the chapter.[2] A review of the legislative history surrounding the act does not reveal any intent that section 443.171(5) was meant to affect any information or reports other than those subject to section 443.1715(1).
It is well established that exceptions to the Public Records Law are to be narrowly construed and limited to their intended purpose,[3] with any doubt resolved in favor of disclosure.[4] A review of the history of section 443.171(5), Florida Statutes, evidences an intent to makeonly the information that identifies individuals found in the reports and records received by the agency confidential and exempt from the public records law.[5]
The Legislature recognized that "[c]onfidentiality must be retained until disclosure is otherwise permitted by law (for example, when the matter goes to public hearing and the determination becomes a part of the public record)."[6] (parenthetical in original) The exemption was justified by stating:
"Section 303(a)(1) of the Social Security Act has been interpreted to prohibit disclosure of information that would deter individuals claiming unemployment insurance benefits from exercising their rights under the law, or that would deter employers from furnishing information necessary for program operation. Accordingly, the Legislature finds that:
(1) It is necessary to extend the current exemption from public records requirements for identifying information concerning an employer or employee held by public employees in the performance of their public duties under chapter 443, Florida Statutes, to clarify that the exemption extends todeterminations that reveal such identifying information."[7] (e.s.)
While it might be argued that the language could exclude the entire determination, the legislative history indicates that only the identifying information contained in a determination is to be protected from disclosure.[8] The purpose of the legislation was to ensure that identifying information contained in a determination would be treated as confidential until such time as the matter is opened to the public at a hearing.[9]
Section 443.151, Florida Statutes, prescribes the procedure for handling claims for unemployment compensation. Subsection (3)(a) requires the agency to make an initial "determination" for each claim filed, including a statement of entitlement to benefits or reason for denial. Such "determination" is final unless appealed or a request for redetermination is filed within the specified period. An appeals referee may only affirm, modify, or reverse the determination in what is particularly described as a "decision."[10]
There is a distinct change in nomenclature when referring to the actions of different entities within the agency.[11] References to the commission's "order" are contained in section 443.151(4)(e), Florida Statutes, stating that "[o]rders of the commission entered under paragraph (c) are subject to review only by notice of appeal in the district court of appeal in the appellate district in which the issues involved were decided by an appeals referee."
It is a fundamental principle of statutory construction that statutes are to be construed in a manner consistent with the intent of the Legislature.[12] Given the history of the exemptions contained in sections 443.171(5) and 443.1715(1), Florida Statutes, and the repeated statements that it is the identity of an employing unit or employee that is protected from disclosure, it appears that the exemption should be read narrowly to apply only to identifying information obtained pursuant to the administration of Chapter 443, Florida Statutes, that appears in any records, reports or determinations and not the entire determination.[13] Moreover, the Legislature's precision in describing particular documents produced by the distinct entities within the agency, such as "determinations" by the agency, "decisions" by the appeals referee, and "orders" of the Unemployment Appeals Commission, does not support extending the confidentiality provision for "determinations" revealing identifying information to "decisions" by an appeals referee or to "orders" of the commission.[14] I would note that appeals to an appeals referee are administrative hearings open to the public.[15]
Your concerns about federal confidentiality provisions require review of federal law that may affect the state's administration of its unemployment compensation program. This office has been informed by the United States Department of Labor, Office of Workforce Security, that no violation of federal laws occurs from the release of identifying information when a determination has been appealed to an appeals referee.[16] The department recognizes that in states like Florida such hearings are open and in such situations the records are usually open.[17] The department also informed this office that it has always been up to the individual states to determine whether to release unemployment compensation information.[18] This has led to proposed rules by the U.S. Department of Labor recognizing that information in the "public domain" is not covered by confidentiality requirements.[19] "Public domain information" is defined as:
"Information about the state UC law (and applicable Federal law) provisions, rules, regulations, and interpretations thereof, including statements of general policy and interpretations of general applicability,appeals records and decisions, and precedential determinations on coverage of employers, employment, and wages . . ."[20] (e.s.)
In further explaining the effect of the proposed rules, the analysis states:
"Appeals hearing records and decisions are included in the definition of `public domain information' and, therefore, would be excluded from the confidentiality requirement. The Department of Labor has historically stated, and repeats here, that the public interest in proper administration of the UC program, specifically in payments of benefits only to eligible individuals, and in open governmental adjudicatory proceedings (to preserve a fair process to claimants and employers by avoiding star-chamber-type proceedings), is served by open hearings and hearing records. However, nothing in the proposed rule would prohibit states from making agency hearings or hearing records confidential as a matter of state law or practice."[21]
Accordingly, it is my opinion that sections 443.171(5) and 443.1715(1), Florida Statutes, make confidential any information identifying employing units and employees in any record, report, or determination of the Agency for Workforce Innovation and the agency's tax collection service provider, but do not otherwise exempt or make confidential the entire record, report, or determination. Such confidentiality provisions do not extend to decisions of unemployment appeals referees or orders of the Unemployment Appeals Commission.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] You indicate that several instances have arisen where individuals are relying upon
Attorney General Opinion 81-15 (1981) to argue that identifying information in documents other than determinations must be released. In that opinion, this office concluded that determinations and decisions or orders of the Unemployment Compensation Commission were public records and not exempt from disclosure by the confidentiality requirement of then s. 443.171(7), Fla. Stat. (1980 Supp.). Section 443.171(7), Fla. Stat. (1980 Supp.), was amended by Ch. 94-118, Laws of Fla., creating s. 443.1715, Fla. Stat., which specifically made "any determination revealing [identifying] information" confidential. To the extent the statute made determinations revealing identifying information confidential, the conclusions reached in AGO 81-15 would be altered.
[2] This overlap is explained by the effect of ss. 1 and 2, Ch. 94-118, Laws of Fla., which amended s. 443.171(7) (now subsection[5]) by deleting the language relating to the confidentiality of identifying information and created s. 443.1715, prescribing the manner in which information would be disclosed and providing for confidentiality of identifying information and "any determination revealing such information." In subsection (5) of Ch. 94-118, Laws of Fla., however, s. 443.171(7) was revived and re-adopted in the face of its impending repeal by s. 7, Ch. 93-414, Laws of Fla.
[3] See, e.g., Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987),rev. den., 520 So.2d 586 (Fla. 1988).
[4] See Tribune Company v. Public Records, 493 So.2d 480, 483 (Fla. 2nd DCA 1986), rev. den. sub nom., Gillum v. Tribune Company, 503 So.2d 327
(Fla. 1987).
[5] See "Review of Exemptions to the Public Records and Public Meetings Laws Pertaining to Records Relating to Vocational Rehabilitation, Workers' Compensation, Toxic Substances, Unemployment Compensation, Business Agent Licensing, and Public Employees and Employers," pp. 15-16, Florida House Committee on Governmental Operations, March 8, 1991. Legislative history relating to the enactment of section 443.1715, Florida Statutes, is contained in a bill analysis that addresses the proposed amendment of section 443.171(7), Florida Statutes, by Senate Bill 1820, "to clarify existing confidentiality provisions by including documents pertaining to a determination as exempt." Florida Senate Staff Analysis and Economic Impact Statement, SB 1820, March 2, 1994. Senate Bill 1820, as initially proposed on February 21, 1994, added "and any documentation of the determination that reveals such information" to section 443.171(7), Florida Statutes, and stated in its summary that it "[e]xempts from the public records law the documentation of a determination relating to unemployment compensation which documentation contains the identity of the employing unit or of the individual."
Senate Bill 1820, amended on the floor created section 443.1715, Florida Statutes. During discussion, the sponsor of the amendment explained:
"This is really a clarifying bill. Current law holds that information revealing the employing unit and individual's identity obtained pursuant to the administration of the chapter is exempt. [A] recent decision or recent opinion of the Attorney General's Office that places that in question and this change specifically by statute makes the information contained inunemployment compensation determinations of eligibility confidential by specific reference and . . ., there's also an amendment I have filed." (e.s)
Florida Senate Floor Debate, Regular Session, April 4, 1994, Sen. Grant, Tape 4 of 6. See also Journal of the Florida Senate, Regular Session, February 8 — April 15, 1994, pp. 653-655.
The amendment presented on the Senate floor was a "strike all: that inserted language identical to that in House Bill 1935, which legislative history shows was intended to clarify current laws providing confidentiality of information under the Unemployment Compensation Law: it "consolidates these provisions under a separate statute and extends the preexisting public records exemption (which applies to identifyinginformation) to determinations that reveal such identifying information, with specified exceptions." (emphasis and parenthetical in original) See
Florida House of Representatives Committee on Employee Management Relations, Final Bill Analysis Economic Impact Statement, HB 1935, May 18, 1994.
[6] Florida House of Representatives Committee on Employee Management Relations, Final Bill Analysis Economic Impact Statement, HB 1935, May 18, 1994, s. B. EFFECT OF PROPOSED CHANGES.
[7] Section 3, ch. 94-118, Laws of Fla.
[8] See n. 5, supra.
[9] Id.
[10] See s. 443.151(4)(b)2., Fla. Stat., and s. 443.151(4)(b)4., Fla. Stat., providing
"The parties must be notified promptly of the referee's decision. The referee's decision is final unless further review is initiated under paragraph (c) within 20 days after the date of mailing notice of the decision to the party's last known address or, in lieu of mailing, within 20 days after the delivery of the notice." (e.s.)
[11] The distinctions are further contrasted by section 443.151(4)(c), Florida Statutes, prescribing the method of review by the Unemployment Appeals Commission, as follows:
"The commission may, on its own motion, within the time limit in paragraph (b), initiate a review of the decision of an appeals referee. The commission may also allow the Agency for Workforce Innovation or any adversely affected party entitled to notice of the decision to appeal thedecision by filing an application within the time limit in paragraph (b). An adversely affected party has the right to appeal the decision if the Agency for Workforce Innovation's determination is not affirmed by the appeals referee. The commission may affirm, modify, or reverse the findings and conclusions of the appeals referee based on evidence previously submitted in the case or based on additional evidence taken at the direction of the commission. . . . When the commission denies an application to hear an appeal of an appeals referee's decision, thedecision of the appeals referee is the decision of the commission for purposes of this paragraph and is subject to judicial review within the same time and manner as decisions of the commission, except that the time for initiating review runs from the date of notice of the commission'sorder denying the application to hear an appeal." (e.s.)
[12] State v. Iacovone, 660 So.2d 1371, 1372 (Fla. 1995); In re Order onProsecution of Criminal Appeals by the Tenth Judicial Circuit PublicDefender, 561 So.2d 1130 (Fla. 1990).
[13] See s. 119.07(1)(b), Fla. Stat. (custodian of a record must delete or excise only that portion of the record for which an exemption is asserted and provide the remainder of the record for examination). And seeOcala Star Banner Corp. v .McGhee, 643 So.2d 1196 (Fla. 5th DCA 1994) (city may redact confidential identifying information from police report and produce the rest for inspection).
[14] See Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996);Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987), rev.den., 520 So.2d 586 (Fla. 1988) (Public Records Law to be liberally construed in favor of open government; exemptions from disclosure to be narrowly construed so they are limited to their stated purpose).
[15] See Rules 60BB-5.014(3), Fla. Admin. C., stating: "Any member of the public wishing to attend a telephone hearing and inspect documents may do so at the location of the appeals referee," and 60BB-5.024(1), Fla. Admin. C., providing that "[h]earings before appeals referees shall be open to the public; provided that the referee may, upon motion of a party or upon the referee's own motion, exclude witnesses, other than the parties, until called to testify."
[16] Telephone conversation with Mr. Gerard Hildebrand, Chief of Legislation, Employment and Training Administration, Office of Workforce Security, U.S. Dept. of Labor, April 20, 2005.
[17] Mr. Hildebrand indicated that a source of concern is with states that have closed UC appellate hearings, where information otherwise in the public domain would be presented.
[18] Id., see also, Unemployment Insurance Program Letter No. 34-97, U.S. Dept. of Labor, Employment and Training Administration, June 10, 1997, paragraph 6, enumerating exceptions to the general rule of confidentiality of unemployment compensation information, including: "Disclosure of the specific record(s) requested is permitted by the State law of the State to which the request is made."
[19] 69 FR 50022, Proposed Rules, Department of Labor, Employment and Training Administration, 20 CFR Part 603, RIN 1205-AB18, Federal-State Unemployment Compensation Program (UC); Confidentiality and Disclosure of State UC Information, August 12, 2004, Section-by-Section Description of Proposed Rule, s. 603.5, Exceptions to the Confidentiality Requirement.
[20] Section 603.2(c), Proposed Rules, 69 FR 50022.
[21] 69 FR 50022, n. 19, supra.