Dear Chief Bush:
You ask substantially the following question:
Are patrol trip sheets and the information contained therein exempt from public disclosure pursuant to section 119.071(2)(d), Florida Statutes?
You state that patrol trip sheets identify the officer, the location and hours he or she works and identify the locations to which officers have responded for emergency and non-emergency purposes. You have provided copies of such sheets which appear to be a historical account of an officer's actions during his or her shift. The police department has taken the position that revealing this information compromises officers' and the public's safety due to location, time and area assignment being clearly delineated on the trip sheet. The department asserts that production of the patrol trip sheets implicates the exemption in section 119.071(2)(d), Florida Statutes, by revealing tactical field operations and deployment plans.
Section 119.071(2)(d)1., Florida Statutes, provides:
"Any information revealing surveillance techniques or procedures or personnel is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. Any comprehensive inventory of state and local law enforcement resources compiled pursuant to part I, chapter 23, and any comprehensive policies or plans compiled by a criminal justice agency pertaining to the mobilization, deployment, or tactical operations involved in responding to emergencies, as defined in s. 252.34(3), are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution and unavailable for inspection, except by personnel authorized by a state or local law enforcement agency, the office of the Governor, the Department of Legal Affairs, the Department of law Enforcement, or the Department of Community Affairs as having an official need for access to the inventory or comprehensive policies or plans."
Thus the statute is plain in protecting any information that reveals surveillance techniques, surveillance procedures, or surveillance personnel from public disclosure. It also exempts from public disclosure any comprehensive policies or plans compiled by a criminal justice agency pertaining to the mobilization, deployment, or tactical operations for responding to emergencies defined in section 252.34(3), Florida Statutes. You have not asserted that the patrol trip sheets reveal surveillance techniques, procedures or personnel used by the department. However, entries on the patrol trip sheets that would reveal such information would be exempt from disclosure and may be redacted prior to disclosure of the trip sheets.[1]
This office previously has determined that a written incident or event report prepared by a deputy sheriff for filing with the sheriff's office as a record of the deputy's actions is a public record subject to disclosure.[2] In Attorney General's Opinion 91-74 this office considered a similar situation and determined that a crime or incident report which has been prepared by a law enforcement agency after a specific crime has been committed would not generally be considered confidential or exempt under the Public Records Law. It would appear that the information contained in a patrol trip sheet is a compilation and synopsis of the information that would otherwise appear in an incident or event report. Accordingly, patrol trip sheets would not generally be exempt from public disclosure.
The general purpose of Chapter 119, Florida Statutes, "is to open public records to allow Florida's citizens to discover the actions of their government."[3] The Public Records Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[4] Any doubt as to the applicability of a Public Records exemption should be resolved in favor of disclosure rather than secrecy.[5]
As an exemption from the Public Records Law, the provision in section119.071(3)(d)1., Florida Statutes, protecting policies and plans for mobilization, deployment, or tactical operations involved in responding to emergencies has to be read narrowly to apply only in those situations intended by the Legislature. The plain language of the statute exempts the comprehensive policies or plans compiled by a criminal justice agency pertaining to the mobilization, deployment, or tactical operations involved in responding to emergencies, as defined in section252.34(3), Florida Statutes.[6] Patrol trip logs indicate the movements and whereabouts of an officer from a historical perspective and do not constitute an operational or tactical plan that is to be followed in responding to such an emergency. While there may be instances where the information in a patrol trip log reflects the officer's compliance with an operational plan responsive to an emergency defined by section 252.34(3), Florida Statutes, patrol trip logs do not constitute an operational or tactical plan that is to be followed in responding to such an emergency.
Accordingly, it is my opinion that the patrol trip sheets of a police officer are not generally exempt from the disclosure provisions in Chapter 119, Florida Statutes.
Sincerely,
Bill McCollum Attorney General
BM/tls
[1] See s. 119.07(1)(d), Fla. Stat., stating:
"A person who has custody of a public record who asserts that an exemption applies to a part of such record shall redact that portion of the record to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and copying."
[2] Opinion Attorney General Florida, 93-51 (1993).
[3] Christy v. Palm Beach County Sheriff's Office, 698 So. 2d 1365,1366 (Fla. 4th DCA 1997).
[4] Krischer v. D'Amato, 674 So. 2d 909, 911 (Fla 4th DCA 1996);Seminole County v. Wood, 512 So. 2d 1000, 1002 (Fla. 5th DCA 1987),review denied, 520 So. 2d 586 (Fla. 1988); Tribune Company v. PublicRecords, 493 So. 2d 480, 483 (Fla. 2d DCA 1986), review denied sub nom.,Gillum v. Tribune Company, 503 So. 2d 327 (Fla. 1987). And see SouthernBell Telephone and Telegraph Company v. Beard, 597 So. 2d 873, 876 (Fla. 1st DCA 1992) (Public Service Commission's determination that statutory exemption for proprietary confidential business information should be narrowly construed and did not apply to company's internal self-analysis was "consistent with the liberal construction afforded the Public Records Act in favor of open government").
[5] Tribune Company v. Public Records, supra.
[6] Section 252.34(3), Florida Statutes, defines "Emergency" as "any occurrence, or threat thereof, whether natural, technological, or manmade, in war or in peace, which results or may result in substantial injury or harm to the population or substantial damage to or loss of property."