Dear Mr. Todora:
You have asked for my opinion on substantially the following question:
Is the Property Appraiser required to provide a list of the names of individuals whose home addresses are exempt from public records disclosure under section 119.071(4)(d), Florida Statutes?
According to your letter, a reporter for a local newspaper has asked your office to provide a list of the names of individuals who have made written requests for protection of their personal information to your office pursuant to section 119.071(4)(d), Florida Statutes. The request is limited to providing a list of names; the home addresses and other exempt information are not requested.
Chapter 119, Florida Statutes, the Public Records Law, generally ensures the public's access to the records of its governmental agencies. The act requires that the custodian of public records must "permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee."[1] Only those public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provisions of the Public Records Law.[2]
Section 119.071(4)(d), Florida Statutes, provides such an exemption for the "home addresses, telephone numbers, social security numbers, and photographs" of certain state and local governmental officers: law enforcement personnel and certain personnel of the Department of Children and Family Services; [3] human resource, labor relations, or employee relations directors; [4] United States attorneys and assistant United States attorneys; [5] judges; [6] code enforcement officers; [7] guardians ad litem; [8] and juvenile probation officers.[9] The exemption also extends to the home addresses, telephone The numbers, and places of employment of spouses and children of such personnel. In addition, the statute provides an exemption for the names and locations of schools and day care facilities attended by the children of such personnel. By its terms, section 119.071(4)(d), Florida Statutes, does not provide an exemption for the names of the officers and employees listed; it does extend the exemption to the names of spouses and children of certain specified personnel.[10]
Pursuant to section 119.071(4)(d)8., Florida Statutes:
An agency that is the custodian of the personal information specified [in these subparagraphs] . . . shall maintain the exempt status of the personal information only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for maintenance of the exemption to the custodial agency.
Thus, the officer, employee or their employing agency must request in writing that the public records custodian maintain this information as exempt.[11]
The provisions for exemption contained in section 119.071(4)(d), Florida Statutes, are not limited to specific records.[12] The exemption afforded by section 119.071(4)(d), Florida Statutes, applies to any record subject to disclosure pursuant to Chapter 119, Florida Statutes.
As this office noted in Attorney General Opinion 90-50, section119.071(4)(d), Florida Statutes (previously section 119.07(3)(k), Florida Statutes) constitutes an exemption to the mandatory disclosure requirements of the Public Records Law; the statute does not make this information confidential. In that opinion the Chief of Police of the City of Apopka asked whether the posting of police officers' photographs, together with their names and identification numbers in the hallway of the police department violated what is now section119.071(4)(d), Florida Statutes. The opinion noted that the purpose of the exemption is to protect the safety of law enforcement officers and their families by removing certain information relating to such individuals from the mandatory disclosure requirements fo Chapter 119, Florida Statutes. Thus, the opinion concluded that while the statute does not prohibit a police department from posting the names, identification numbers, and photographs of its police officers in the hallway of the department for public display, absent a strong public policy for disclosure, such a display would appear to be counter to the purpose of the exemption. In addition the opinion noted that the exemption was directed at the addresses, telephone numbers and photographs of law enforcement officers and would not prohibit the city from maintaining the names and addresses of its law enforcement officers.
The protections of section 119.071(4)(d), Florida Statutes, cover numerous classes of state and local governmental officials and employees. The Legislature clearly addressed application of the exemption to the names of the spouses and children of these personnel.[13] Nothing in this section, however, makes the names of these individuals exempt from disclosure. It is a general rule of statutory construction that when a law mentions the things upon which it is to operate, or forbids certain things, it is ordinarily construed as excluding from its operation all things not expressly mentioned.[14]
Thus, when the statute makes "home addresses, telephone numbers, and photographs" of various officers and employees exempt from public inspection and copying, other things not specifically mentioned, such as the names of these officers and employees, are not included in the operation of the exemption.
The general purpose of the Public Records Law "is to open public records to allow Florida's citizens to discover the actions of their government."[15] The Public Records Law is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[16]
In sum, it is my opinion that the Sarasota County Property Appraiser is required, pursuant to the Public Records Law, to provide a copy of any list maintained by that office of the names of individuals whose home address is exempt from public records disclosure pursuant to section 119.071(4)(d), Florida Statutes. As this office has stated in a number of opinions, the custodian of public records must provide a copy of public records maintained by that office in the format in which they are maintained.[17] However, a public records custodian is not required to reformat records in order to comply with a request under Chapter 119. Thus, if the Sarasota County Property Appraiser maintains a list of the names of those officers and employees who have requested the exemption of their home addresses, telephone numbers or photographs from public records pursuant to section 119.071(4)(d), Florida Statutes, the Property Appraiser must provide for inspection and copying of these records.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 119.07(1)(a), Fla. Stat.
[2] Art. I, s. 24, Fla. Const. 
[3] Section 119.071(4)(d)1., Fla. Stat.
[4] Section 119.071(4)(d)2., Fla. Stat.
[5] Section 119.071(4)(d)3., Fla. Stat.
[6] Section 119.071(4)(d)4., Fla. Stat.
[7] Section 119.071(4)(d)5., Fla. Stat.
[8] Section 119.071(4)(d)6., Fla. Stat.
[9] Section 119.071(4)(d)7., Fla. Stat.
[10] See, e.g., s. 119.071(4)(d)2., 5., 6., 7., Fla. Stat.
[11] See Ops. Att'y Gen. Fla. 04-20 (2004) (request submitted to property appraiser), 04-18 (2004) (supervisor of elections), and 97-67 (1997) (clerk of court).
[12] See Op. Att'y Gen. Fla. 05-38 (2005) and Inf. Op. to The Honorable Gerald A. Lewis, February 18, 1980, concluding in part that the exemption cannot be limited only to records of "criminal justice agencies."
[13] See, e.g., s. 119.071(4)(d)2., 5., 6., 7., Fla. Stat.
[14] Young v. Progressive Southeastern Insurance Company,753 So. 2d 80 (Fla. 2000),Dobbs v. Sea Isle Hotel, 56 So. 2d 341
(Fla. 1952) (where statute sets forth exceptions, no others may be implied).
[15] Christy v. Palm Beach County Sheriff's Office, 698 So. 2d 1365,1366 (Fla. 4th DCA 1997).
[16] Krischer v. D'Amato, 674 So. 2d 909, 911 (Fla. 4th DCA 1996);Seminole County v. Wood, 512 So. 2d 1000, 1002 (Fla. 5th DCA 1987),review denied, 520 So. 2d 586 (Fla. 1988); Tribune Company v. PublicRecords, 493 So. 2d 480, 483 (Fla. 2d DCA 1986), review denied sub nom.,Gillum v. Tribune Company, 503 So. 2d 327 (Fla. 1987).
[17] See, e.g., Ops. Att'y Gen. Fla. 91-61 (1991) and 06-30 (2006).