Dear Mr. Drage:
As County Attorney for Orange County you have asked for my opinion on substantially the following question:
 Pursuant to section 119.07(1), Florida Statutes, is a list of law enforcement officers who have been placed on administrative duty by the Orange County Sheriff's Office subject to inspection and copying or is information contained in such a list confidential pursuant to section 112.533(2)(a) and (4),[1] Florida Statutes, if the information on that list will identify officers who are the subject of an internal investigation?
According to your letter, senior administrators at the Orange County Corrections Department have received allegations from inmates of that facility that staged inmate boxing matches were conducted within the jail. Inmate allegations indicated that the fights were sanctioned by Orange County corrections officers. The identity of the corrections officers alleged to be involved was not immediately known. An internal affairs investigation of these allegations was commenced and the identities of the corrections officers were ascertained. The officers have been placed on administrative duty with no inmate contact as a result of the internal investigation. Recently a newspaper reporter has made a request for public records identifying corrections officers and employees who have been placed on administrative duty for certain dates. You advise that providing these orders would disclose the names of the correctional officers subject to this investigation.
Section 112.533, Florida Statutes, provides for the receipt and processing of complaints against law enforcement or correctional officers.[2] Each law enforcement agency must put into operation a system for the receipt, investigation, and determination of complaints received. In Attorney General Opinion 93-61, this office stated that the provisions of this statute appeared to apply to complaints filed with the officer's employing agency by any person, whether within or outside of the agency.
Section 112.533(2)(a), Florida Statutes, provides for the confidentiality of the complaint and all information obtained pursuant to the investigation of the complaint by the agency. Information is confidential until the investigation ceases to be active or until the officer who is the subject of the complaint is provided written notice that the agency has concluded its investigation with a finding to either proceed or not to proceed with disciplinary action or file charges.[3]
Section 112.533(4), Florida Statutes, makes it a first degree misdemeanor for any person who is a participant in an internal investigation to willfully disclose "any information obtained pursuant to the agency's investigation, including, but not limited to, the identity of the officer under investigation" before such complaint, document, action, or proceeding becomes a public record. However, this provision has been found to be unconstitutional as a violation of the First Amendment. The United State Court of Appeals for the Eleventh Circuit considered the constitutionality of the terms of section112.533(4), Florida Statutes, making it a misdemeanor for a participant in an internal investigation of a law enforcement officer to disclose any information obtained pursuant to the investigation before it becomes a public record. The Court struck down this provision as a "content-based restriction which chills speech that `lies near the core of the First Amendment[.]'"[4]
The statute does recognize that "a sheriff, police chief, or other head of a law enforcement agency, or his or her designee, is not precluded by this section from acknowledging the existence of a complaint and the fact that an investigation is underway."[5] This office commented on this provision in an Informal Attorney General's Opinion addressed to the Honorable Frank Farkas,[6] to the effect that the acknowledgment of the existence of a complaint by the sheriff or police chief and the fact of an investigation could result in the identification of the officer. Moreover, it was pointed out in that opinion that information regarding the identity of the officer might be obtained from other records, for example, from an incident report or arrest report filed about the officer's action which later results in a complaint. The incident report or arrest report would not be closed pursuant to section 112.533, Florida Statutes, since they would not constitute the complaint nor would they be generated by the investigation of the complaint.
The question here is not whether the records requested are public records[7] but whether these lists or orders are made confidential and exempt from the provisions of section 119.07(1), Florida Statutes, by section 112.533(2), Florida Statutes. The general purpose of Chapter 119, Florida Statutes, "is to open public records to allow
Florida's citizens to discover the actions of their government."[8]
The Public Records Act is to be liberally construed in favor of open government and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[9]
A list of law enforcement officers placed on administrative duty is not "a complaint filed against a law enforcement officer . . . with a law enforcement agency[;]." nor is such a list "information obtained pursuant to the investigation by the agency of such complaint[.]" This office has recognized that the identity of law enforcement or correctional officers who may be the subject of an internal investigation may be obtained from records maintained outside the scope of section 112.533(2), Florida Statutes. While Orange County is to be commended for its concern in complying with section 112.533(2)(a), Florida Statutes, the provisions of the Public Records Law dictate that public records maintained by the county that do not fall squarely within the terms of section 112.533 must be made available for public inspection and copying.
Therefore, it is my opinion that public records identifying correctional officers who have been placed on administrative duty by the Orange County Sheriff's Office are subject to inspection and copying. Such records are not confidential and exempt pursuant to section112.533(2)(a), Florida Statutes, as either a complaint filed against an officer or as information obtained pursuant to the investigation of such a complaint.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] I would note that section 112.533(4), Florida Statutes, has been ruled to be unconstitutional as an abridgement of the First Amendment.See Cooper v. Dillon, 403 F.3d 1208 (11th Cir., Fla. 2005).
[2] See, s. 112.531(2), Fla. Stat., which defines "Correctional officer" as "any person, other than a warden, who is appointed or employed full time by the state or any political subdivision thereof whose primary responsibility is the supervision, protection, care, custody, or control of inmates within a correctional institution; and includes correctional probation officers, as defined in s. 943.10(3). However, the term `correctional officer' does not include any secretarial, clerical, or professionally trained personnel."
[3] Notwithstanding the foregoing provisions, access is given to the officer who is the subject of the complaint, see s. 112.533(2)(a), Fla. Stat., and to law enforcement agencies, correctional agencies, and state attorneys in the conduct of a lawful criminal investigation,see s. 112.533(2)(c), Fla. Stat.
[4] See Cooper v. Dillon, 403 F.3d 1208 (11th Cir., Fla. 2005).
[5] Section 112.533(4), Fla. Stat.
[6] Informal Attorney General's Opinion dated May 5, 1999, to the Honorable Frank Farkas.
[7] See s. 119.011(11), Fla. Stat., defining "Public records" to mean "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."And see s. 119.011(2), Fla. Stat., defining "Agency" as "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission . . . and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[8] Christy v. Palm Beach County Sheriff's Office, 698 So.2d 1365,1366 (Fla. 4th DCA 1997).
[9] Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996);Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987),review denied, 520 So.2d 586 (Fla. 1988); Tribune Company v. PublicRecords, 493 So.2d 480, 483 (Fla. 2d DCA 1986), review denied sub nom.,Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987).)