Dear Mr. Bohne:
On behalf of the Town Council of the Town of Malabar, you have asked for my opinion on substantially the following questions:
1. Is a former law enforcement officer from another municipality who is currently employed by a different municipality in a non-law enforcement capacity required to make a written request pursuant to section 119.071(4)(d)2., Florida Statutes, to maintain the exemption provided by section 119.071(4)(d)1.a., Florida Statutes?
2. Notwithstanding the answer to Question One, does the exemption from inspection and copying of the home addresses of current or former law enforcement personnel, section 119.071(4)(d)1.a., Florida Statutes, only apply to the current home address of such current or former law enforcement personnel or does it also apply to all former home addresses of such law enforcement personnel as well?
In sum:
1. A former law enforcement officer from another municipality who is currently employed by the Town of Malabar in a non-law enforcement capacity is required to make a written request pursuant to section 119.071(4)(d)2., Florida Statutes, that his or her personal information be maintained as exempt by the Town of Malabar.
2. The exemption from inspection and copying for the home addresses of current or former law enforcement personnel applies only to the current home address of such personnel and would not exempt property no longer used as a home by law enforcement personnel.
According to information you have supplied to this office, the Town of Malabar Code of Ordinances requires that the town administrator be a resident of Brevard County. The current town administrator is a former law enforcement officer from a municipality located outside of Brevard County. The town has recently received a public records request for "any and all prior Brevard County addresses of the Town Administrator to prove that the requirement to live in this County was adhered to."
Question One
Section 119.071(4)(d)1.a., Florida Statutes, provides that
"[t]he home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel, . . . the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from s. 119.07(1)."
Exemptions from the public records requirements are to be strictly construed in light of the public purpose for adoption of the statute, i.e., to open public records to the state's citizens to discover the actions of their government.[1]
The statute extends the exemption from inspection and copying to current and former law enforcement officers, correctional officers, and certain personnel of various governmental agencies with law enforcement related duties. The purpose of the exemption is to ensure the safety of these officers and their families by removing certain information relating to those individuals from the mandatory disclosure requirements of the Public Records Law, Chapter 119, Florida Statutes.[2] However, the statute makes these records exempt, not confidential, and an agency is not prohibited from disclosing the documents in all circumstances.[3] This office, in Attorney General Opinion 07-21, stated that while section 119.071(4)(d)1., Florida Statutes, makes photographs of law enforcement personnel exempt rather than confidential, the custodian, in deciding whether such information should be disclosed, must determine whether there is a statutory or substantial policy need for disclosure. In the absence of a statutory or other legal duty to be accomplished by disclosure, the agency should consider whether the release of such information is consistent with the purpose of the exemption.
However, unlike the factual situations considered by the courts and this office and discussed above, the former law enforcement officer involved in your request does not now nor did he ever work as a law enforcement officer for the Town of Malabar. He is now employed by the town as its town administrator and questions have been raised about his compliance with local residence requirements. Thus, it would appear that the provisions of subsection (4)(d)2. would apply:
"[a]n agency that is the custodian of the information specified in subparagraph 1. and that is not the employer of the officer, employee, justice, judge, or other person specified in subparagraph 1. shall maintain the exempt status of that information only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for maintenance of the exemption to the custodial agency."
The Town of Malabar is the custodian of this information, but is not the employer of this former law enforcement officer as "specified in subparagraph 1.," that is, as a current or former law enforcement officer for the town; rather, he is the town administrator. I do not read the provisions of subsection (4)(d)2. to impose a burden on employers to know the past law enforcement employment status of employees who may work for them in other capacities. Rather, it would appear that the Legislature has created an opportunity for former law enforcement personnel[4] to request an exemption for their personal information by submitting a request for such an exemption in writing to their current employer as custodian of these personnel records.
The general rule with regard to personnel records is the same as for other public records; unless the Legislature has expressly exempted an agency's personnel records from disclosure or authorized the agency to adopt rules limiting access to such records, personnel records are subject to public inspection and copying under section 119.07(1), Florida Statutes.[5] Section 119.071(4)(d)2., Florida Statutes, provides an exemption from disclosure for certain personal information of current and former law enforcement officers. When that information is held by records custodians in agencies other than those employing the law enforcement personnel as law enforcement personnel, it is incumbent upon those entitled to the exemption to request in writing that their personal information be withheld from disclosure.
Therefore, it is my opinion that a former law enforcement officer from another municipality who is currently employed by the Town of Malabar in a non-law enforcement capacity is required to make a written request pursuant to section 119.071(4)(d)2., Florida Statutes, in order to maintain the exemption provided by section 119.071(4)(d)1.a., Florida Statutes.
Question Two
You also question whether previous residential addresses of a former law enforcement officer from another municipality who is currently employed by the Town of Malabar in a non-law enforcement capacity are within the scope of the exemption.
Again, let me reiterate that section 119.071(4)(d), Florida Statutes, only provides an exemption from the provisions of section 119.07(1), Florida Statutes, providing that "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." The exemption is from the disclosure requirements of the state's Public Records Law, but does not mandate the confidentiality of such records.
The statute itself limits the exemption to "home addresses" and would appear to apply to any real property which the former law enforcement office may currently utilize as a home or residence. A common definition of the word "home" includes "a house, apartment, or other shelter that is the usual residence of a person, family, or household[;][6] and "[a] place where one lives; residence."[7] The term "home" modifies the word "address" and this office has indicated its conclusion that the term also applies to the exemption for telephone numbers.[8] However, it is not clear how the extension of the exemption to property that may have been owned or leased by law enforcement personnel in the past would ensure the safety of these officers and their families; therefore, this office would not favor a reading of the statute that would extend the exemption to previously owned property.
The general purpose of the Public Records Law "is to open public records to allow Florida's citizens to discover the actions of their government."[9] The Public Records Law is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[10]
Reading the exemption in section 119.071(4)(d)2., Florida Statutes, narrowly and limiting it to its intended purpose to protect current and former law enforcement personnel, it is my opinion that the exemption in section 119.071(4)(d)1.a., Florida Statutes, only applies to the current home address or addresses of such current or former law enforcement personnel. Thus, the address of a current vacation home would also come within the scope of the exemption as well as any primary residence.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Henderson v. State, 745 So. 2d 319, 324 (Fla. 1999);Christy v. Palm Beach County Sheriff's Office,698 So. 2d 1365, 1366 (Fla. 4th DCA 1997); citing City of RivieraBeach v. Barfield, 642 So. 2d 1135, 1136, (Fla. 4th DCA 1994),rev. denied, 651 So. 2d 1192 (Fla. 1995).
[2] See Op. Att'y Gen. Fla. 90-50 (1990).
[3] See Williams v. City of Minneola,575 So. 2d 683, 687 (Fla. 5th DCA 1991), rev. denied,589 So. 2d 289 (Fla. 1991), in which the court observed that pursuant to what is now s. 119.071(2)(c), Fla. Stat., "active criminal investigative information" was exempt from the requirement that public records be made available for public inspection. However, as the court noted, "the exemption does not prohibit the showing of such information. There are many situations in which investigators have reasons for displaying information which they have the option not to display." (emphasis in original) See also Op. Att'y Gen. Fla. 90-50 (1990) (the exemption from disclosure for certain information about law enforcement personnel now set forth in s. 119.07(4)(d)1.a., Fla. Stat., does not prohibit a police department from posting the names, I.D. numbers, and photographs of its police officers for public display); however, in light of the statutory purpose of the exemption (law enforcement officer safety), such posting would appear to be inconsistent with legislative intent.
[4] See Op. Atty Gen. Fla. 07-21 (2007) determining that an agency should consider utilizing the definition in s. 784.07(1)(a), Fla. Stat., for "law enforcement personnel," since section 119.071(4) does not define the term.
[5] See Michael v. Douglas, 464 So. 2d 545 (Fla. 1985).
[6] Webster's New Universal Unabridged Dictionary 2003, p. 913.
[7] The American Heritage Dictionary, office edition, 1987, p. 332.
[8] See Inf. Op. to Laquidara dated July 17, 2003, stating that cellular telephone numbers of telephones provided by a law enforcement agency to law enforcement officers and used in performing law enforcement duties were not exempt from disclosure under section 119.07(3)(i), Florida Statutes, since they were not "home" telephone numbers.
[9] Christy v. Palm Beach County Sheriff's Office,698 So. 2d 1365, 1366 (Fla. 4th DCA 1997).
[10] Krischer v. D'Amato,674 So. 2d 909, 911 (Fla. 4th DCA 1996); Seminole County v.Wood, 512 So. 2d 1000, 1002 (Fla. 5th DCA 1987), rev.denied, 520 So. 2d 586 (Fla. 1988); Tribune Company v.Public Records, 493 So. 2d 480, 483 (Fla. 2d DCA 1986), rev.denied sub nom., Gillum v. Tribune Company,503 So. 2d 327 (Fla. 1987).