Chief Morrey Deen Ocala Police Department Post Office Box 1270 Ocala, Florida 34478
Dear Chief Deen:
You have asked for my opinion on substantially the following question:
Is a law enforcement officer's representative, chosen pursuant to section 112.532(1)(i), Florida Statutes, authorized to review the complaint and statements made against the officer immediately prior to commencement of an investigative interview under section112.533, Florida Statutes?
In sum:
A law enforcement officer's chosen representative is not authorized by section 112.533, Florida Statutes, to review the complaint and statements made against the officer immediately prior to commencement of an investigative interview conducted pursuant to that statute.
Section 112.533, Florida Statutes, deals generally with the receipt and processing of complaints against law enforcement officers and sets out particular guidelines for treatment of the records involved in making and investigating such complaints. Section 112.533(1), Florida Statutes, requires every law enforcement agency and correctional agency to establish and put into operation a system for the receipt, investigation and determination of complaints received by such agency from any person. Pursuant to section 112.533(2)(a), Florida Statutes, a complaint filed against an officer and all information obtained during the agency's investigation of the complaint are confidential and exempt from section 119.07(1), Florida Statutes, until the investigation ceases to be active or until the officer receives written notice that the agency has: 1) concluded the investigation with a finding not to proceed with disciplinary action or to file charges, or 2) concluded the investigation with a finding to proceed with disciplinary action or to file charges.
Section 112.533(2)(a), Florida Statutes, specifically provides:
"Notwithstanding the foregoing provisions, the officer who is the subject of the complaint may review the complaint and all statements regardless of form made by the complainant and witnesses immediately prior to the beginning of the investigative interview."
Until it was amended in 1989,[1] this statutory section did not provide the law enforcement officer or correctional officer who was the subject of a complaint any right to review the complaint or any written witnesses' statements.[2]
Before it was further amended during the 2000 legislative session, section 112.533(2)(a), Florida Statutes, authorized the law enforcement officer or correctional officer who was the subject of a complaint to review the complaint and all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview. In considering this language, this office stated that section 112.533(2)(a) did not authorize a law enforcement officer who was the subject of a complaint to review audio cassettes of oral statements that had not been reduced to writing.[3] In addition, this office concluded that while nothing in sections 112.531-112.534, Florida Statutes, precluded an agency from reducing all oral statements to writing before the officer under investigation is interviewed, the Law Enforcement Officers' Bill of Rights did not require that such action be taken.[4]
Section 112.533(2)(a), Florida Statutes, was amended by section 2, Chapter 2000-184, Laws of Florida, to provide in part that "the officer who is the subject of the complaint may review the complaint and all statements regardless of form made by the complainant and witnesses immediately prior to the beginning of the investigative interview."[5] Thus, the statute now allows the officer under investigation to review all statements, whether written or recorded, made by the complainant or on behalf of the complainant and witnesses, immediately prior to any investigative interview.[6] However, it is clear from the legislative history discussed above that, until very recently, even the law enforcement officer who was the subject of a complaint had only a limited right to review this information.
Your question is whether this right to review all statements prior to the beginning of the investigative interview extends to the officer's representative chosen pursuant to section 112.532(1)(i), Florida Statutes. Section 112.532, Florida Statutes, provides generally for the rights and privileges of law enforcement officers and correctional officers. Subsection (1) of this statute sets forth the rights of law enforcement officers and correctional officers while they are under investigation. Pursuant to section112.532(1)(i), Florida Statutes:
"At the request of any law enforcement officer or correctional officer under investigation, he or she shall have the right to be represented by counsel or any other representative of his or her choice, who shall be present at all times during such interrogation whenever the interrogation relates to the officer's continued fitness for law enforcement or correctional service."
Thus, if an investigative interview conducted pursuant to section112.533, Florida Statutes, relates to the officer's continued fitness for law enforcement service, he or she is entitled to be represented by an attorney or other representative of choice.
Based on my review of the legislative history of section 112.533, Florida Statutes, and the absence of any suggestion that the right to review the complaint and all statements regarding the complaint against a law enforcement officer should be extended to the officer's representative, this office will not recognize such a right in the absence of a direct legislative statement allowing disclosure of this information. I would note that the complaint itself is made confidential and exempt from the provisions of the Public Records Law and that such exemptions are read strictly to accomplish their stated purpose.[7]
In a similar situation involving an investigative interview with an employee of the Department of Children and Family Services, this office concluded that the confidential nature of certain records precluded the attendance of a union representative at that portion of the interview requiring a discussion of information taken from a child abuse investigation. In Attorney General's Opinion 99-42, the Inspector General of the Department of Children and Family Services held a series of investigative interviews regarding a breach of confidentiality at the Florida Abuse Hotline. The interviews required the presentation of documents and discussion of information that were made confidential by statute. The Inspector General allowed a union representative to be present at the interviews until confidential information was discussed, at which time the representative was required to leave the room. A grievance had been filed over the representative's exclusion from portions of the interviews based on the collective bargaining agreement relating to the employee's right to union representation.
The Attorney General's Office was asked to determine whether the exclusion of the union representative was appropriate given the constitutional nature of the right asserted. The opinion determined that the statutory provisions from which the right to representation derived did not limit specific rights created by other statutes. Because there was no exception from confidentiality for the information discussed in these interviews, and because exemptions to the Public Records Law must be construed to accomplish their stated purposes, this office refused to recognize any exception under these circumstances.
Clearly this office has not read the entitlement to representation at an investigative interview as authority for access to information otherwise made confidential by section 119.07(1), Florida Statutes. As discussed above, section 112.533(2)(a), Florida Statutes, makes complaints filed against law enforcement officers and all information developed during the investigation of such complaints confidential and exempt from the Public Records Law until there is a resolution of the investigation. A limited exception is provided allowing the officer against whom the complaint has been filed to review the complaint and all statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview. No exception is provided that would authorize the officer's representative to review the file prior to the investigative interview, and this office cannot read such a provision into the statute.[8]
In sum, it is my opinion that a law enforcement officer's chosen representative is not authorized by section 112.533, Florida Statutes, to review the complaint and statements made against the officer immediately prior to commencement of an investigative interview conducted pursuant to that statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 2, Ch. 89-223, Laws of Florida. Compare, s.112.533(2)(a), Fla. Stat. (1987), which stated:
"A complaint filed against a law enforcement officer, including a deputy sheriff, or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential until the conclusion of the internal investigation or at such time that the investigation ceases to be active without a finding relating to probable cause. . . ."
[2] Cf., s. 112.532(1)(d), Fla. Stat., requiring that the officer under investigation be informed of the nature, i.e., the type or general character, of the investigation and the name of the complainant prior to interrogation; Op. Att'y Gen. Fla. 86-26 (1986) (s. 112.532[1][d] does not require affirmative disclosure of specific items of evidence or specific statements of complainants and officer's right to be informed of the name of all complainants requires nothing more than that he or she be furnished with such names).
[3] See, Ops. Att'y Gen. Fla. 2000-64 (2000) and 95-41 (1995).
[4] Id.
[5] See, s. 2, Ch. 2000-184, Laws of Florida. And see, Op. Att'y Gen. Fla. 2000-64 (2000).
[6] But see, s. 112.533(2)(b), Fla. Stat., which states that this subsection does not apply to public records which are exempt from public disclosure pursuant to s. 119.07(3), Fla. Stat.
[7] See, Op. Att'y Gen. Fla. 99-42 (1999) and Krischer v.D'Amato, 674 So.2d 909 (Fla. 4th DCA 1996); Tribune Company v.Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), review deniedsub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987).
[8] Compare, s. 112.533(2)(a), Fla. Stat., with s. 231.262(4), Fla. Stat., relating to complaints against teachers and administrators in the public school system and providing in part:
"The complaint and all information obtained pursuant to the investigation by the department shall be confidential and exempt from the provisions of s. 119.07(1) until the conclusion of the preliminary investigation of the complaint, until such time as the preliminary investigation ceases to be active, or until such time as otherwise provided by s. 231.263(6). However, the complaint andall material assembled during the investigation may be inspectedand copied by the certificateholder under investigation, or thecertificateholder's designee, after the investigation isconcluded, but prior to the determination of probable cause by thecommissioner. If the preliminary investigation is concluded withthe finding that there is no probable cause to proceed, the complaint and information shall be open thereafter to inspection pursuant to s. 119.07(1)." (e.s.)