Ms. Emeline C. Acton Hillsborough County Attorney Post Office Box 1110 Tampa, Florida 33601
Dear Ms. Acton:
You have asked substantially the following questions:
1. Is the medical examiner permitted to show photographs of an autopsy for educational purposes at state medical schools, law enforcement agencies, state attorney offices, public defender offices, public hospitals, state or federal medical examiner's associations and any other public agencies?
2. Is a medical examiner permitted to utilize autopsy photographs for educational purposes to private entities including private hospitals, private schools, civic clubs, and hospice groups?
3. Would keeping the identity of the deceased confidential and exempt also require redaction of other identifying features, such as face recognition, tattoos, physical birth defects and other physical features that could lead to identification of the deceased?
4. Do the terms "autopsy photographs or video or audio recordings," as used in Chapter 2001-01, Laws of Florida, include and thereby exempt crime scene photographs, pre-autopsy photographs of the body, and post-autopsy photographs of the body that are in the custody of the medical examiner?
5. Can autopsy photographs be released where there is no known next of kin of the deceased person?
6. Does the law allow for an exemption for civil proceedings as well as criminal and administrative proceedings?
In Sum:
1. and 2. Upon receipt of a written request from the agency, the medical examiner may show autopsy photographs as part of professional training for public agencies, provided that such training furthers the official duties of the agency. Unless otherwise required in the furtherance of the agency's duties, the identity of the deceased is shielded. Such photographs may not be shown to private entities unless a court order has been obtained in accordance with procedures set forth in Chapter 2001-01, section 1(2), Laws of Florida.
3. When showing autopsy photographs for professional training, the medical examiner should not disclose the name of the deceased and should take steps to shield the decedent's identity (e.g., placing a black strip over the eyes of the decedent).
4. The term "autopsy photographs and recordings" does not include crime scene photographs. The term includes photographs and recordings made by the medical examiner as part of the autopsy process.
5. The exemption from disclosure provided by Chapter 2001-01, Laws of Florida, applies to autopsy photographs and recordings whether the next of kin of the decedent has been located or not. A petitioner seeking a court order to obtain access to an autopsy photograph or recording is responsible for providing such reasonable notification to next of kin as may be required by the court.
6. Chapter 2001-01, section 1(3)(c), Laws of Florida, excludes criminal and administrative proceedings from the terms of the exemption from disclosure. Civil proceedings are not excluded. Those seeking to have access to autopsy photographs and recordings for civil proceedings must obtain a court order unless they are a surviving family member entitled to obtain such record without a court order pursuant to section 1(2)(b) of the law.
Questions One and Two
Questions One and Two address whether the medical examiner may show autopsy photographs as part of a training program offered by the medical examiner to governmental agencies. As these questions are interrelated, they will be answered together.
Chapter 2001-01, Laws of Florida, establishes that a "photograph or video or audio recording of an autopsy[1] in the custody of a medical examiner[2] is confidential and exempt" from public disclosure requirements in section 119.07(1), Florida Statutes, and Article I, section 24(a), Florida Constitution.[3]
The public necessity for the exemption is set forth in section 2 of the law:
"The Legislature finds that photographs or video or audio recordings of an autopsy depict or describe the deceased in graphic and often disturbing fashion. Such photographs or video or audio recordings may depict or describe the deceased nude, bruised, bloodied, broken, with bullet or other wounds, cut open, dismembered, or decapitated. As such, photographs or video or audio recordings of an autopsy are highly sensitive depictions or descriptions of the deceased which, if heard, viewed, copied or publicized, could result in trauma, sorrow, humiliation, or emotional injury to the immediate family of the deceased, as well as injury to the memory of the deceased. The Legislature notes that the existence of the World Wide Web and the proliferation of personal computers throughout the world encourages and promotes the wide dissemination of photographs and video and audio recordings 24 hours a day and that widespread unauthorized dissemination of autopsy photographs and video and audio recordings would subject the immediate family of the deceased to continuous injury. The Legislature further notes that there continue to be other types of available information, such as the autopsy report, which are less intrusive and injurious to the immediate family members of the deceased and which continue to provide for public oversight."[4]
The issue of access to autopsy photographs for training or education purposes was addressed during the legislative process. An early version of the companion legislation[5] provided a limited right of access by some governmental agencies for purposes related to their duties by providing in section 1(1):
In furtherance of its official duties, a state or federal agency may view or copy a photograph or video or audio recording of an autopsy. The custodian of the record or his or her designee may not permit any other person to view or duplicate such photograph or video or audio recording without a court order.
When the bill was heard by the Senate Governmental Oversight and Productivity Committee, the staff analysis recognized that the bill might restrict the use of autopsy recordings and photographs in training or educational settings:
"The CS authorizes only a surviving spouse, parent, or child of the deceased, or legal representative thereof, to view, copy or disseminate a photograph, video or audio recording of an autopsy. Additionally, state or federal agencies are authorized to view or copy this information. All other persons must obtain a court order to view or duplicate. As a result, local governmental entities would be required to obtain a court order to access these records. The Chairman of the Medical Examiners Commission has stated that the largest bulk of the district medical examiner's requests for autopsy photographs and video recordings come from local governmental entities. Further, the bill does not authorize the district medical examiner, in his or her official capacity, to use the photographs or video or audio recordings for the purpose of seeking another expert medical opinion, for providing professionaltraining, for case-related medical research purposes, or for other purposes related solely to the completion of the district medical examiner's duties."[6] (e.s.)
The bill was subsequently amended to add the language that now appears in Chapter 2001-01, section 1(1), Laws of Florida, as follows:
"A local governmental entity, or a state or federal agency, in furtherance of its official duties, pursuant to a written request,
may view or copy a photograph or video or may listen to or copy an audio recording of an autopsy, and unless otherwise required inthe performance of their duties, the identity of the deceasedshall remain confidential and exempt. The custodian of the record, or his or her designee, may not permit any other person to view orcopy such photograph or video recording or listen to or copy an
audio recording without a court order. For the purposes of this section, the term "medical examiner" means any district medical examiner, associate medical examiner, or substitute medical examiner acting pursuant to Chapter 406, as well as any employee, deputy, or agent of a medical examiner or any other person who may obtain possession of a photograph or audio or video recording of an autopsy in the course of assisting a medical examiner in the performance of his or her official duties."[7] (e.s.)
An examination of the legislative history surrounding the enactment of Chapter 2001-01, Laws of Florida, reflects an intent to allow the medical examiner to use autopsy photographs and recordings for education and training for public agencies, such as those identified in Question One.[8] The same discussion also reveals an intent that law enforcement agencies be able to access the photographs and recordings as needed in the performance of their duties without having to obtain a court order.[9] Thus, a Florida circuit court concluded that a medical examiner could "use photos and videos as part of its scheduled law enforcement, `Police Medical Investigation of Death Training Seminar,' which are deemed as part of official duties, provided that the identity of all deceased shall remain confidential."[10]
Accordingly, the medical examiner[11] may show autopsy photographs or videotapes in the context of professional training or education efforts for public agencies, provided that the identity of the deceased is shielded (unless "otherwise required in the performance of [the agency's] duties") and there is a written request from the governmental agency. However, because access to such photographs is clearly limited to public agencies, it would be impermissible for the medical examiner to use such photographs to provide training to private entities unless a court order has been obtained in accordance with the procedures set forth in section 2 of the law.[12]
Question Three
Chapter 2001-01, section 1(1), Laws of Florida, provides that when governmental agencies are provided access to autopsy photographs or recordings, "unless otherwise required in the performance of their duties, the identity of the deceased shall remain confidential and exempt."
The legislation does not specify what measures should be used to shield identity. The judge's order entered in In The Matter ofBruce A. Hyma, M.D., Medical Examiner, Miami-Dade County,Florida,[13] allowed use of autopsy photographs at a law enforcement training seminar "provided that the identity of all deceased shall remain confidential." In a telephone conversation, the medical examiner's office advised that the method used to shield the identity of the deceased in the photographs was to place a black strip over the eyes of the decedent and to keep confidential the names of the deceased. The decision as to whether additional measures are needed to protect the identity of decedents (e.g., covering scars, etc., as described in your letter) would appear to be a decision dependent upon the factual circumstances.[14]
Question Four
You have advised this office that crime scene photographs are taken by the police and that the medical examiner on occasion takes pictures of the body prior to and after performing the actual autopsy.[15]
It is well established that the Public Records Law is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[16]
Since the exemption by its terms applies only to "autopsy photographs or video or audio recordings," crime scene photographs are not included within the scope of the exemption. However, the exemption would apply to those photographs and recordings taken or made by the medical examiner as a part of the autopsy process, including those taken before, during, and after the medical examiner performs the actual autopsy procedure.
Question Five
Chapter 2001-01, section 1(2), Laws of Florida, establishes a procedure whereby a court, upon a showing of good cause, may authorize access to an autopsy photograph or recording as follows:
"(2)(a) The court, upon a showing of good cause, may issue an order authorizing any person to view or copy a photograph or video recording of an autopsy or to listen to or copy an audio recording of an autopsy and may prescribe any restrictions or stipulations that the court deems appropriate.
In determining good cause, the court shall consider whether such disclosure is necessary for the public evaluation of governmental performance; the seriousness of the intrusion into the family's right to privacy and whether such disclosure is the least intrusive means available; and the availability of similar information in other public records, regardless of form. In all cases, the viewing, copying, listening to or other handling of a photograph or video or audio recording of an autopsy must be under the direct supervision of the custodian of the record or his or her designee.
(2)(b) A surviving spouse shall be given reasonable notice of a petition filed with the court to view or copy a photograph or video recording of an autopsy or a petition to listen to or copy an audio recording, a copy of such petition, and reasonable notice of the opportunity to be present and heard at any hearing on the matter. If there is no surviving spouse, then such notice must be given to the deceased's parents, and if the deceased has no living parent, then to the adult children of the deceased."
The procedures set forth in section 1(2)(a) apply in those situations where a private non-governmental entity seeks access to autopsy photographs and recordings. As discussed in the response to Questions One and Two, a public agency such as a law enforcement agency may obtain access to autopsy photographs and recordings as may be required in the performance of its duties without having to obtain a court order. However, if a private entity petitions the court for access, section 1(2)(b) requires notification of next of kin.
As noted in your letter, section 245.06, Florida Statutes, requires a person in charge or control of a dead body to "make reasonable effort to determine the identity of the body" and to "make reasonable effort to contact any relatives of such deceased person." However, if the medical examiner has been unable to locate any next of kin, it is the responsibility of the petitioner seeking access under section 1(2)(b) to provide such "reasonable notice of the opportunity to be present and heard" as may be determined by the court to be appropriate under the circumstances.
Question Six
Chapter 2001-01, section 1(3)(c), Laws of Florida, states that a "criminal or administrative proceeding is exempt from this section, but unless otherwise exempted, is subject to all other provisions of Chapter 119, Florida Statutes, provided however that this section does not prohibit a court in a criminal or administrative proceeding upon good cause shown from restricting or otherwise controlling the disclosure of an autopsy, crime-scene, or similar photograph or video or audio recordings in the manner prescribed herein." A civil proceeding is not included within the scope of the exception set forth in section 1(3)(c).[17]
It is a principle of statutory construction that when the controlling law directs how a thing is to be done, that is, in effect, a prohibition against its being done in any other way.[18]
Accordingly, civil proceedings are not excluded from the provisions of Chapter 2001-01, Laws of Florida.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tpg
[1] Section 872.04, Fla. Stat., defines "[a]utopsy" as:
"a postmortem dissection of a dead human body in order to determine the cause, seat, or nature of disease or injury and includes the retention of tissues customarily removed during the course of autopsy for evidentiary, identification, diagnostic, scientific, or therapeutic purposes."
[2] Section 406.11(2)(a), Fla. Stat., states that a district medical examiner:
"shall have the authority . . . to perform, or have performed, whatever autopsies or laboratory examinations he or she deems necessary and in the public interest to determine the identification of or cause or manner of death of the deceased or to obtain evidence necessary for forensic examination."
[3] Chapter 2001-01, section 1(1), Laws of Fla., states that a surviving spouse may view and copy autopsy photographs or video or listen to or copy an audio recording of the deceased spouse's autopsy. If there is no surviving spouse, then the surviving parents shall have access to such records. If there is no surviving spouse or parent, then an adult child shall have access to the records.
[4] Article I, s. 24(c), Fla. Const., authorizes the Legislature to enact general laws creating exemptions provided that such laws "state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law." See, Indian River County HospitalDistrict v. Indian River Memorial Hospital, Inc., 766 So.2d 233,237 (Fla. 4th DCA 2000).
[5] Committee Substitute for Senate Bill 1356.
[6] See, Senate Staff Analysis and Economic Impact Statement, CS/SB 1356, Governmental Oversight and Productivity Committee, dated March 16, 2001.
[7] The House version of the enacting legislation — House Bill 1083 — was passed on March 22, 2001. On March 29, 2001, the Senate approved the legislation. It was signed by the Governor and became law that day.
[8] Audiotape of Senate floor debate on House Bill 1083, March 29, 2001; Audiotape of House floor debate on House Bill 1083, March 22, 2001.
[9] Id.
[10] In the Matter of Bruce A. Hyma, M.D., Medical Examiner,Miami-Dade County, Florida, No. 01-7873CA01 (Fla. 11th Cir. Ct. April 2, 2001).
[11] Chapter 2001-01, s. 1(1), Laws of Fla., defines the term "medical examiner" to mean "any district medical examiner, associate medical examiner, or substitute medical examiner acting pursuant to Chapter 406, as well as any employee, deputy, or agent of a medical examiner or any other person who may obtain possession of a photograph or audio or video recording of an autopsy in the course of assisting a medical examiner in the performance of his or her official duties."
[12] See, Ch. 2001-01, s. 1(1), Laws of Fla., stating that "[a] local governmental entity, or a state or federal agency, in furtherance of its official duties . . . may view or copy a photograph or video or may listen to or copy an audio recording of an autopsy,. . . . The custodian of the record, or his or her designee, may not permit any other person to view or copy such photograph or video recording or listen to or copy an audio recording without a court order." Id.
[13] No. 01-7873CA01 (Fla. 11th Cir. Ct. April 2, 2001).
[14] See, Inf. Op. to Mr. John S. Slye, August 5, 1993, in which this office advised that "[t]he determination . . . as to whether certain information may identify an individual in a particular instance is one which must be made on a case by case basis . . . ."
[15] See, n. 1 defining "autopsy."
[16] Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987), rev. den., 520 So.2d 586 (Fla. 1988); Tribune Companyv. Public Records, 493 So.2d 480, 483 (Fla. 2d DCA 1986), rev.den. sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987).
[17] See, Black's Law Dictionary, Criminal Proceeding 337 (5th ed. 1979) (criminal proceeding is one instituted and conducted for the purpose either of preventing the commission of crime, or for fixing the guilt of a crime already committed and punishing the offender, as distinguished from a `civil' proceeding, which is for the redress of a private injury); and Black's Law Dictionary,Administrative Hearing 42 (5th ed. 1979) (administrative hearing is an oral proceeding before an administrative agency consisting of argument or trial or both; [p]rocedural rules are more relaxed at such hearings as contrasted with civil or criminal trials).
[18] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature has prescribed the mode, that mode must be observed); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); and see, Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234,239 (Fla. 1944) (where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned).