Dear Mr. Mueller:
You ask substantially the following question:
Does section 119.071(2)(g)1.a., Florida Statutes, require disclosure of a discrimination complaint when the alleged victim has withdrawn the complaint and requested confidentiality as part of a settlement with the agency?
In sum:
 When an agency has reached a settlement with an individual who has filed a discrimination complaint, the claimant has pursued the claim and may not request confidentiality pursuant to section 119.071(2)(g)2., Florida Statutes.
Your letter includes discussion of an attendant "funded settlement" for which confidentiality has been requested. The settlement includes payment of funds to the alleged victim and the payment of attorney's fees.
Section 119.071(2)(g)1.a., Florida Statutes, states:
 "All complaints and other records in the custody of any agency which relate to a complaint of discrimination relating to race, color, religion, sex, national origin, age, handicap, or marital status in connection with hiring practices, position classifications, salary, benefits, discipline, discharge, employee performance, evaluation, or other related activities are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution until a finding is made relating to probable cause, the investigation of the complaint becomes inactive, or the complaint or other record is made part of the official record of any hearing or court proceeding."
Subparagraph 2. of the subsection provides: "When the alleged victim chooses not to file a complaint and requests that records of the complaint remain confidential, all records relating to an allegation of employment discrimination are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."[1] (e.s.)
Thus, generally, complaints relating to discrimination under section 119.071(2)(g), Florida Statutes, are exempt from the inspection and copying requirements of Chapter 119, Florida Statutes, until a finding relating to probable cause has been made, the complaint becomes inactive, or the complaint or other record is made a part of the official record of a hearing or court proceeding. These situations appear to contemplate that the agency has proceeded forward with an investigation of the matter. The plain language of subparagraph 2., however, recognizes the ability of the alleged victim to terminate the proceedings by making the decision not to file a complaint.
The legislative history underlying the exemption in section 119.071(2)(g)2. (originally section 119.07(3)(bb), Florida Statutes (Senate Bill 20-B, Ch. 93-405, Laws of Florida), states:
 "Records pertaining to an unfiled employment discrimination allegation. Where an alleged victim of employment discrimination, which may include sexual harassment, decides not to file a complaint and requests that the records of the complaint remain confidential, all records relating to the allegation of employment discrimination would be confidential and exempt from public disclosure. This exemption protects those individuals who have decided for whatever reasons not to pursue an employment discrimination complaint. To fail to provide a window of opportunity for a complainant to reconsider filing an employment discrimination complaint could in fact discourage registering such complaints. If a complainant decides not to pursue his or her discrimination allegation and yet information regarding same is revealed, the complainant could be negatively affected in the community and in the workplace even though he or she did not pursue the action."[2] (e.s.)
The stated purpose of the exemption makes clear that it provides a complainant a window of opportunity to reconsider filing a complaint. As an exemption from the Public Records Law, the provisions in section 119.071(2)(g)2., Florida Statutes, must be narrowly construed.[3]
Thus, the confidentiality applies only when an individual decides not to pursue the complaint. When an individual proceeds to negotiate a settlement of the claim that has been filed, I can find no reasonable way in which to interpret such action as a choice not to file the complaint.
Moreover, the Legislature has made it clear, with specific exceptions, that any portion of an agreement or settlement having the purpose of concealing information relating to the settlement of a claim against the state, its agencies or subdivisions, or any municipality is void as against public policy and unenforceable.[4]
Accordingly, it is my opinion that section 119.07(2)(g)2., Florida Statutes, requires confidentiality of a discrimination complaint only when the alleged victim has chosen not to file or pursue a claim and has requested confidentiality. In the instance where an alleged victim pursues a claim through settlement negotiations, the confidentiality provisions of section 119.07(2)(g)2., Florida Statutes, would not apply.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] Section 119.071(2)(g)2., Fla. Stat.
[2] Senate Staff Analysis and Economic Impact Statement, SB 20-B, May 25, 1993.
[3] Krischer v. D'Amato, 674 So. 2d 909, 911 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So. 2d 1000, 1002 (Fla. 5th DCA 1987), review denied, 520 So. 2d 586 (Fla. 1988); Tribune Company v. Public Records, 493 So. 2d 480, 483 (Fla. 2d DCA 1986), review denied sub nom., Gillum v. Tribune Company, 503 So. 2d 327 (Fla. 1987). And see Southern Bell Telephone and Telegraph Company v. Beard, 597 So. 2d 873, 876 (Fla. 1st DCA 1992) (Public Service Commission's determination that statutory exemption for proprietary confidential business information should be narrowly construed and did not apply to company's internal self-analysis was "consistent with the liberal construction afforded the Public Records Act in favor of open government").
[4] See s. 69.081(8)(a), Fla. Stat., stating exceptions of trade secrets protected by Ch. 688, Fla. Stat., proprietary confidential business information, or other information made confidential by state or federal law.