Dear Ms. Steckler:
As Inspector General of Palm Beach County, you have asked for my opinion on substantially the following question:
Do the public records and meeting exemptions provided for in Chapter 2010-130, Laws of Florida, apply to the investigatory process of the Palm Beach County Inspector General?
In sum:
To the extent that the Inspector General of Palm Beach County is investigating complaints involving the Code of Ethics of Palm Beach County or other local codes establishing an investigatory process to enforce more stringent standards of conduct and disclosure, the provisions of Chapter 2010-130, Laws of Florida, would apply. However, the confidentiality extended to records and meetings of the Palm Beach County Inspector General by section 112.324(2), Florida Statutes, does not apply generally to all investigations conducted by that office.
According to your letter, on December 15, 2009, the Palm Beach County Board of County Commissioners adopted three ordinances as part of a program of local ethics reform. A Code of Ethics was adopted that is more stringent than its State counterpart; a local Commission on Ethics was created to enforce, interpret and provide training regarding this new ethics code; and the third ordinance created an independent Office of Inspector General. You state that the Office of Inspector General was created "in order to detect misconduct involving abuse, corruption, fraud, waste, inefficiencies, and mismanagement by elected and appointed County officials and employees, County agencies and instrumentalities, contractors, and other parties doing business with the County and/or receiving County funds."[1]
According to your letter, the Inspector General is charged with performing the following duties and responsibilities:
"investigates County matters and publishes the results of such investigations; reviews and audits past, present and proposed County programs, accounts, records, contracts, change orders and transactions; and prepares reports and recommendations to the Board based on such investigations. The Inspector General also has the power to receive, review and investigate any complaints regarding County-funded projects, programs, contracts or transactions and has established a "hotline" to receive complaints, from either anonymous or identified persons. Where the Inspector General suspects a possible violation of any state, federal or local law, or rule, regulation or policy, he or she notifies the appropriate civil, criminal or administrative agencies."[2]
You have asked whether, in light of your duties and responsibilities, your office falls within the scope of the recent amendments to section 112.324, Florida Statutes, made by Chapter 2010-130, Laws of Florida.
Chapter 2010-130, Laws of Florida, was enacted during the 2010 legislative session to extend public records and meeting exemptions to local ethics commissions. As provided in section 2 of the enabling legislation:
"The Legislature finds that it is a public necessity that all complaints and related records in the custody of a county or municipality that has established a local investigatory process to enforce more stringent standards of conduct and disclosure requirements as provided in s. 112.326, Florida Statutes, which relate to a complaint of a local ethics violation be exempted from public-record and public-meeting requirements until the complaint is dismissed as legally insufficient, until the alleged violator requests in writing that such records and proceedings be made public, or until it is determined, based on the investigation, whether probable cause exists to believe that a violation has occurred. This exemption is necessary because the release of such information could potentially be defamatory to an individual under investigation, cause unwarranted damage to the good name or reputation of such individual, or significantly impair the investigation. The exemption creates a secure environment in which a county or municipality may conduct its investigation."[3]
The language created and adopted by the Legislature amended section 112.324(2), Florida Statutes. This section provides procedures to be followed when a complaint for an ethics violation has been filed. As amended, section 112.324(2), Florida Statutes, now provides:
"(2)(a) The complaint and records relating to the complaint or to any preliminary investigation held by the commission or its agents, or by a Commission on Ethics and Public Trust established by any county defined in s. 125.011(1) or by any municipality defined in s. 165.031, or by any county or municipality that hasestablished a local investigatory process to enforce more stringentstandards of conduct and disclosure requirements as providedin s. 112.326 are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution.
 (b) Any proceeding conducted by the commission, a Commission on Ethics and Public Trust, or a county or municipality that hasestablished such local investigatory process, pursuant to a complaint or preliminary investigation, is exempt from the provisions of s. 286.011, s. 24(b), Art. I of the State Constitution, and s. 120.525.
 (c) The exemptions apply until the complaint is dismissed as legally insufficient, until the alleged violator requests in writing that such records and proceedings be made public, or until the commission, a Commission on Ethics and Public Trust, or a countyor municipality that has established such local investigatoryprocess determines, based on such investigation, whether probable cause exists to believe that a violation has occurred. In no event shall a complaint under this part against a candidate in any general, special, or primary election be filed or any intention of filing such a complaint be disclosed on the day of any such election or within the 5 days immediately preceding the date of the election." (Underlined portions represent amendatory language.)
Thus, with these amendments, the Legislature has extended the protections of confidentiality to complaints and records held by a county-created or municipally-established "local investigatory process to enforce more stringent standards of conduct and disclosure requirements."[4]
The Palm Beach County Code of Ethics, Article XIII, Code of Ordinances, specifically provides that the purpose of the code is "to provide additional and more stringent ethics standards as authorized by Florida Statutes, s. 112.326."[5] Thus, the enforcement of the ethics code would come within the scope of the amendment to section 112.324(2), Florida Statutes, and the Inspector General is entitled to the confidentiality protections of the amendment to the extent that he or she is involved in a "local investigatory process to enforce more stringent standards of conduct and disclosure requirements." There does appear to be some amount of overlap in the duties and responsibilities of the Inspector General and the Commission on Ethics. The Office of Inspector General was created to detect misconduct involving abuse and corruption, both of which could be prohibited conduct under the ethics code. However, an investigation by the Office of Inspector General of waste, inefficiencies, and mismanagement by county officials and employees, contractors, and others would not necessarily appear to represent violations of Palm Beach County's ethics code and the provisions of Chapter 2010-130, Laws of Florida, which provide exemptions from disclosure, must be narrowly construed and limited to their stated purpose.[6]
Thus, to the extent that the Inspector General of Palm Beach County is investigating complaints involving the Code of Ethics of Palm Beach County or other local codes establishing an investigatory process to enforce more stringent standards of conduct and disclosure, the provisions of Chapter 2010-130, Laws of Florida, would apply. However, the confidentiality extended to records and meetings of the Palm Beach County Inspector General by section 112.324(2), Florida Statutes, does not apply generally to all investigations conducted by that office.
I would note that all information received by a local inspector general or information produced or derived from fact-finding or other investigations conducted pursuant to the local government ordinance is confidential and exempt from both the Public Records Law and Article I, section 24(a), of the Florida Constitution under the circumstances described in section 112.3188(2)(b), Florida Statutes. The Palm Beach County Code contains a substantially similar provision in section 2-423.(11), Art. XII, Palm Beach County Code of Ordinances, providing that "[t]he inspector general's records related to active investigations are confidential and exempt from disclosure, as provided by Florida Statutes, s. 112.3188(2)."
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See letter of August 23, 2010, from Sheryl Steckler to Bill McCollum.
[2] Id.
[3] Section 2, Ch. 2010-130, Laws of Fla.
[4] See Title, Ch. 2010-130, Laws of Fla., providing that Ch. 2010-130, Laws of Fla., "revis[es] an exemption from public record and public meeting requirements which is provided for complaints and related records in the custody of and proceedings conducted by a county or municipality that has established a local investigatory process to enforce more stringent standards of conduct and disclosure requirements[.]"
[5] Section 2-441, Art. XIII, Palm Beach County Code of Ordinances.
[6] See Krischer v. D'Amato,674 So. 2d 909, 911 (Fla. 4th DCA 1996); Seminole County v.Wood, 512 So. 2d 1000, 1002 (Fla. 5th DCA 1987), reviewdenied, 520 So. 2d 586 (Fla. 1988); and Tribune Company v.Public Records, 493 So. 2d 480, 483 (Fla. 2d DCA 1986),review denied sub nom., Gillum v. Tribune Company,503 So. 2d 327 (Fla. 1987), for the proposition that the Public Records Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so that they are limited to their stated purpose.